IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TEXARKANA DIVISION

| | | |
|---|---|---|
| JUSTIN MARTIN BOYLES-GRAY | § | |
| VS. | § | CIVIL ACTION NO. 5:11cv61 |
| DIRECTOR, TDCJ-CID | § | |

CONSOLIDATED WITH

| | | |
|---|---|---|
| JUSTIN MARTIN BOYLES-GRAY | § | |
| VS. | § | CIVIL ACTION NO. 5:11cv64 |
| DIRECTOR, TDCJ-CID | § | |

## MEMORANDUM ORDER OVERRULING OBJECTIONS AND
## ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Justin Martin Boyles-Gray, an inmate confined in the Texas Department of Criminal Justice Correctional Institutions Division, proceeding *pro se*, brought this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

The Court referred this matter to the Honorable Caroline M. Craven, United States Magistrate Judge, at Texarkana, Texas, for consideration pursuant to applicable laws and orders of this Court. The Magistrate Judge recommends the petition for writ of habeas corpus should be denied on the merits.

The Court has received and considered the Report and Recommendation of United States Magistrate Judge filed pursuant to such order, along with the record, pleadings and all available evidence. The parties filed objections to the magistrate judge's Report and Recommendation. This

requires a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* Fed. R. Civ. P. 72(b).

After careful consideration, the Court concludes the objections should be overruled. To the extent petitioner disagrees with the Magistrate Judge regarding the merits of his petition, the Court agrees with the conclusions of the Magistrate Judge. Petitioner has failed to show that the state court adjudication was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States or that the state court adjudication resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

Further, there was nothing improper about the fact finding procedure used by the state court in petitioner's case. The Fifth Circuit has repeatedly held that a paper hearing in state court is sufficient to afford a petitioner a full and fair hearing on the factual issues underlying his claims, especially where, as here, the trial court and the state habeas court were one and the same. *Murphy v. Johnson*, 205 F.3d 809, 816 (5th Cir. 2000).

The respondent objects that the Magistrate Judge failed to address his contention that one ground for review was waived by petitioner's guilty plea and the remaining ground was barred from consideration by *Teague v. Lane*, 489 U.S. 288 (1989). In light of the Magistrate Judge's recommendation that the petition be denied, however, there was no need for her to also consider the additional defenses proffered by the respondent. Accordingly, the objections to the Report and Recommendation should be overruled, and petitioner's petition should be denied.

In addition, the Court is of the opinion petitioner is not entitled to a certificate of appealability. An appeal from a judgment denying federal habeas corpus relief may not proceed

unless a judge issues a certificate of appealability. *See* 28 U.S.C. § 2253; FED. R. APP. P. 22(b). The standard for granting a certificate of appealability, like that for granting a certificate of probable cause to appeal under prior law, requires the movant to make a substantial showing of the denial of a federal constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004); *see also Barefoot v. Estelle*, 463 U.S. 880, 893 (1982). In making that substantial showing, the movant need not establish that he should prevail on the merits. Rather, he must demonstrate that the issues are subject to debate among jurists of reason, that a court could resolve the issues in a different manner, or that the questions presented are worthy of encouragement to proceed further. *See Slack*, 529 U.S. at 483-84. Any doubt regarding whether to grant a certificate of appealability is resolved in favor of the movant, and the severity of the penalty may be considered in making this determination. *See Miller v. Johnson*, 200 F.3d 274, 280-81 (5th Cir.), *cert. denied*, 531 U.S. 849 (2000).

Here, petitioner has not shown that any of the issues raised by his claims are subject to debate among jurists of reason. The factual and legal questions advanced by the movant are not novel and have been consistently resolved adversely to his position. In addition, the questions presented are not worthy of encouragement to proceed further. Therefore, petitioner has failed to make a sufficient showing to merit the issuance of a certificate of appealability. Accordingly, a certificate of appealability shall not be issued.

O R D E R

Accordingly, the objections to the report are **OVERRULED**. The findings of fact and conclusions of law of the magistrate judge are correct and the report of the magistrate judge is

**ADOPTED**.  A final judgment will be entered in this case in accordance with the magistrate judge's recommendations.

It is **SO ORDERED.**

**SIGNED this 8th day of January, 2014.**


_____
MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE